### BANNER v. ROCK ISLAND IMPROVEMENT CO. et al.

(Supreme Court, Appellate Term. December 22, 1911.)

ATTORNEY AND CLIENT (§ 145*)—CONTRACT OF EMPLOYMENT—PERFORMANCE OF SERVICES—COMPENSATION.

An agreement signed by defendant, which recites that he accepts from plaintiff, as attorney, a loan of a specified sum on specified terms on premises described, and agrees to pay him for his fees and services a specified sum besides disbursements, and to pay to a third person a brokerage commission, is an agreement for services of an attorney, and plaintiff performing the services may recover the agreed compensation, though the loan failed because of defects in title.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 334–335; Dec. Dig. § 145.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by S. Morrill Banner against the Rock Island Improvement Company and another. From a judgment of the Municipal Court of the city of New York for defendants, rendered after a trial by the court without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

David B. Cahn, for appellant.

Thompson, Warren & Pelgram (Charles R. Pelgram, of counsel), for respondents.

GIEGERICH, J.  The action was brought upon an agreement signed by the defendant, and which ran as follows:

"I hereby accept from S. M. Banner, as attorney, loan of $20,000 at 5% for 5 years, on premises No. 262 West 77th St. N. Y. as described within & agree to pay him for his fees and services the sum of $200, besides the disbursements' to include title policy, recording tax, fees for recording instruments, survey, etc.  The bond & mortgage will include all the usual Title Co. clauses. I also agree to pay to A. M. Johnson & Co. their brokerage commission of $200, by making and delivering to them my promissory note, payable 60 days from date of closing.  The mortgage is to be the first lien on the property & I hereby agree to procure satisfactions of existing mortgages or other loans.
"N. Y. March 17, 1911.                    Rock Island Improvement Co.
                                          "By Otto W. Lowe, Pres.

"Owner of property:
"Otto W. Lowe."

Before the agreement was signed, the plaintiff had examined the premises in question with a proposed lender who had expressed himself as willing to make a loan in the amount, and upon the terms specified in the contract.  When the title was searched preparatory to closing the transaction, it was discovered that there was a restrictive covenant upon the property which justified a rejection of the proposed mortgage as security.  It is not claimed that the plaintiff at the time of the making of the agreement made any inquiries as to the existence of restrictions upon the property, or that any representations upon the subject were made by the defendants.

The respondent treats the case in his brief as one for commissions by a broker; but that is a mistake.  The agreement shows that it was services of an attorney that were contracted for from the plaintiff (a broker's commission was provided for others in the contract), and the evidence shows that the plaintiff performed the services required in the matter, including the application for a policy of title insurance and communications with the defendants concerning the restrictive covenant that was discovered and attending at the time set for the closing.

The contract being one for legal services, the cases and rules applicable to broker's commission are not in point, and it is therefore unnecessary to consider the various arguments urged by the respondent's counsel based on such cases and rules.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

PENDLETON, J., concurs.  LEHMAN, J., takes no part.